**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

JEFFERY D. MORGAN                                                                          PLAINTIFF
ADC #078410

V.                                    NO: 2:13CV00164 KGB/HDY

ARKANSAS DEPARTMENT
OF CORRECTION *et al.*                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge
Kristine G. Baker.  Any party may serve and file written objections to this recommendation.
Objections should be specific and should include the factual or legal basis for the objection.  If the
objection is to a factual finding, specifically identify that finding and the evidence that supports your
objection.  An original and one copy of your objections must be received in the office of the United
States District Court Clerk no later than fourteen (14) days from the date of the findings and
recommendations.  The copy will be furnished to the opposing party.  Failure to file timely
objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a hearing for this purpose before the District Judge, you must, at
the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District
       Judge  (if such a  hearing is granted)  was not  offered at  the
       hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the

1

> hearing before the District Judge in the form of an offer of
> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Jeffery D. Morgan, an inmate at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, on December 9, 2013, alleging he received inadequate medical care for his knee. Defendants Monicka Branscomb, Corizon Inc., Debra Horton, Nwannem Obi-Okoye, and Stormi Sherman ("Medical Defendants"), filed a motion for summary judgment, a statement of facts, and a brief in support, on October 8, 2014 (docket entries #91-#93). On October 10, 2014, Defendants Michael Allen, Danny Burl, DeAngelo Earl, Ray Hobbs,Wendy Kelley, and Larry May ("ADC Defendants"), filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #95-#97). Plaintiff has filed responses, briefs in support, and a statement of facts (docket entries #106-#111).[1]

### I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to

---

[1]Plaintiff's claims against Defendant Sharon Lachney have already been recommended for dismissal (docket entry #86).

2

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th. Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

Plaintiff asserts in his complaint that he was prescribed a knee brace with metal supports, and, on April 12, 2013, Branscomb issued him such a brace.  However, on June 28, 2013, Branscomb took the metal supports, and told him she was directed to do so by Earl.  According to Plaintiff, Branscomb was deliberately indifferent to his medical needs when she took the metal supports.  Plaintiff claims the other Defendants had some role in responding to his grievances regarding the issue.

Medical Defendants

The Medical Defendants argue they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies with respect to his claims against Corizon, Horton, Sherman, and Obi-Okoye, and that he was provided appropriate medical care.

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of their claim that Plaintiff failed to exhaust his administrative remedies, the Medical Defendants have provided the declaration of Shelly Byers, the ADC's medical grievance coordinator (docket entry #92-6). According to Byers, Plaintiff filed only five formal medical grievances from June 1, 2013, through November 1, 2013: EA-13-01154, EA-13-01171, EA-13-01190, EA-13-01294, and EA-13-01326. Plaintiff also filed one other non-medical grievance relating to his brace, EA-13-01383. The Medical Defendants have provided copies of those grievances (docket entry #92-2). Only two of those grievances relate to Plaintiff's knee brace, EA-13-01326 and EA-13-01383. As the Medical Defendants note, ADC grievance policy requires inmates to specify all individuals involved in the grievance (docket entry #92-1, pages #5 & #92), and Plaintiff named only Branscomb. Plaintiff has provided nothing in his response to demonstrate exhaustion of a grievance against any Medical Defendant other than Branscomb. The question of whether proper exhaustion has been achieved turns on the specifics of the prison policy. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Because Plaintiff failed to properly exhaust his claims against Corizon, Horton, Sherman, and Obi-Okoye, his claims against them should be dismissed without

prejudice.[2]

There is no dispute that Plaintiff administratively exhausted his inadequate medical care claim against Branscomb. To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Plaintiff has a history of knee problems and was given a knee brace on April 12, 2013. On June 28, 2013, while Plaintiff was in the infirmary for another issue, Branscomb removed two metal supports from the brace, and returned it to Plaintiff. Three months later Plaintiff was examined by Obi-Okoye, who noted that Plaintiff ambulated "very well" with no assistive device, there was no swelling, redness, or clicking in his knee, he had a normal range of motion, and the joint was stable (docket entry #92-4, page #10). Robert Floss, M.D., has offered an opinion that a knee brace with metal supports was not medically necessary, because Plaintiff had a brace without supports, a knee

---

[2]This is not a situation such as that in *Bower v. Kelley*, 494 Fed.Appx. 718 (8th Cir. 2012) (unpublished per curiam), where officials accepted and decided a grievance which was defective because it named no individuals. Here, Plaintiff specifically named Branscomb and the grievance was therefore not defective. *See Burns v. Eaton*, 752 F.3d 1136, 1141-42 (8th Cir. 2014)(approving the dismissal of claims against party not named in a properly filed ADC grievance).

sleeve, no job assignment, arch supports, and pain medications (docket entry #92-5).[3]  According to Floss, Plaintiff's medical care was appropriate.  Although there appears to have been some dispute as to the need, Plaintiff received a knee brace with supports on October 29, 2013 (docket entry #92-4, page #12).

Even though Plaintiff apparently had a prescription for a brace that included metal supports, and Branscomb removed them, Floss has determined that the care Plaintiff received, in light of his daily activities and other medical devices and medications, was appropriate.  Obi-Okoye also concluded that Plaintiff was functioning well with no assistive device.  Thus, at most, Plaintiff could establish a disagreement with the medical care he received.  As discussed above, mere disagreement with the medical care provided is insufficient to establish deliberate indifference, and Branscomb is therefore entitled to summary judgment.

ADC Defendants

The ADC Defendants also assert they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies with respect to his claims against them.  No ADC Defendant is named as the subject of either of Plaintiff's two exhausted grievances which pertain to his knee brace.  Accordingly, Plaintiff's claims against the ADC Defendants should be dismissed due to his failure to exhaust his administrative remedies before he filed this lawsuit.[4]

---

[3]Plaintiff testified at his August 28, 2014, deposition that he was assigned to "building utility" work, but that job required no actual work, and he had not done any work for approximately two years (docket entry #92-3, pages #8 & #9).

[4]Even if grievance EA-13-01326, which alleges that Branscomb took the metal supports at the direction of Earl, constituted proper exhaustion as to Earl, Earl would still be entitled to summary judgment, because, as discussed previously, Plaintiff was not denied adequate medical care (docket entry #86).

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' motions for summary judgment (docket entries #91 & #95) be GRANTED, and Plaintiff's complaint be DISMISSED.

2.      Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his claims against Defendants Monicka Branscomb and the Arkansas Department of Correction, and DISMISSED WITHOUT PREJUDICE in all other respects.

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   24   day of November, 2014.

_____
UNITED STATES MAGISTRATE JUDGE